UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-61078-ALTMAN/Strauss

COLLISION CARE XPRESS
MCNAB, LLC,

  *Plaintiff*,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

  *Defendant*.

_____/

**ORDER**

  The Defendant, State Farm Mutual Automobile Insurance Co. ("State Farm"), has filed a Motion to Dismiss ("MTD") [ECF No. 27] under Federal Rule of Civil Procedure 12(b)(6). We referred that motion to U.S. Magistrate Judge Jared M. Strauss, *see* Order of Referral [ECF No. 36], who recommended that we grant the motion as to Count I and deny it "as to Count II," Report and Recommendation ("R&R") [ECF No. 39] at 15. Magistrate Judge Strauss also cautioned the parties as follows:

> The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.

*Id.* at 15–16 (first citing 28 U.S.C. § 636(b)(1); then citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985); then citing *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); and then citing 11th Cir. R. 3-1).

State Farm filed timely Objections to the R&R, *see* Defendant's Amended Objections to the R&R ("Def.'s Objs.") [ECF No. 41], and the Plaintiff, Collision Care Xpress McNab, LLC ("CCX"), responded, *see* Plaintiff's Response in Opposition to Defendant's Amended Objections ("Pl.'s Objs. Resp.") [ECF No. 44]. After careful review, we **OVERRULE** the Defendant's Objections and **ADOPT** Magistrate Judge Strauss's R&R in full.

## THE LAW

When a magistrate judge's "disposition" has been objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citation omitted).

## ANALYSIS

This dispute arises from the business relationship between CCX (an automobile repair shop), Amnd. Compl. ¶ 6, State Farm (an insurance company), *id*. ¶ 5, and the "portion of . . . CCX's customers" who are insured by State Farm, *ibid*. In September 2020, State Farm terminated the parties' "written service agreement," but continued to do business with CCX "without a written agreement . . . rel[ying] on good faith and fair dealing as with any other merchant." *Id*. ¶ 7. Since then, CCX has repaired the vehicles of many customers who are insured through State Farm. *See id*. ¶ 22

("The customers . . . entered into a business relationship with the Plaintiff CCX, so that the Plaintiff would provide to the [customers] services and advance funds to purchase replacement parts and materials to complete the repairs of the [customer's] vehicles, who were insured by the Defendant, State Farm." (cleaned up)).

According to CCX, "State Farm was aware that the Plaintiff had an expectation and understanding that it would be reimbursed . . . based upon the standards in the industry," *id.* ¶ 12—such as "prevailing labor rates in the geographic area of the shop . . . [and] the national subscription estimating database . . . to obtain material costs for parts," *id.* ¶ 9—rather than on State Farm's own "rate schedules," *id.* ¶ 13. So, when State Farm failed to reimburse CCX *fully* for "charges of parts, material and labor for its insured's motor vehicles," *id.* at 10, CCX sued State Farm.

CCX's Amended Complaint asserts two counts. In Count I, for "breach of implied contract," CCX alleges that State Farm breached its "implied contract to reimburse [CCX] for its reasonable charges after services rendered." *Id.* ¶ 27. As redress, CCX seeks $306,716.47—the difference between the market value of CCX's services to State Farm's insureds and the reimbursement State Farm paid. *See id.* ¶ 28. Count II, for tortious interference with a business relationship, alleges that State Farm "employees repeated made intentionally false and misleading statements to Plaintiff's Customers in order to induce[,] persuade[,] and improperly interfere with the business relationship between the Customer and the Plaintiff." *Id.* ¶ 44. CCX specifically identifies three customers who were (allegedly) "steered away from the Plaintiff's shop as a result of the Defendant's interference by improper means[.]" *Id.* ¶ 45. As to these three customers, CCX seeks "lost profits of . . . $20,427.00[,] as calculated as 45% of the gross estimates for the three customers." *Id.* ¶ 48.

On August 8, 2023, State Farm filed its Motion to Dismiss under Rule 12(b)(6). In that motion, State Farm argued that Count I should be dismissed because the Amended Complaint "fail[ed] to clearly advise" whether it was based on the theory of a "contract implied in law" or a "contract implied

in fact," and because (assuming it was the former), CCX didn't "state a claim for contract implied at law because no benefit was conferred on State Farm and State Farm did not improperly retain any benefit without payment." MTD at 1–2. And State Farm contended that Count II should be "dismissed in its entirety," *id.* at 5, because it "fails to state a claim for tortious interference," *id.* at 14; *see also id.* at 17 ("[A]s with so many of the other allegations in the Amended Complaint, these [allegations] are generalized and untethered to any specific customer. Thus, they do not meet the federal law pleading requirements[.]"). In the alternative, State Farm said that Count II should be dismissed as to "any customer other than the three identified" in the Amended Complaint. *Id.* at 16–17.[1]

Magistrate Judge Strauss agreed with State Farm that CCX's claim for breach of implied contract failed as a matter of law. After determining that this claim was based on a contract-implied-in-law theory, *see* R&R at 2 ("Although the Amended Complaint does not specify whether Count I is based upon an implied-in-fact or implied-in-law contract, Plaintiff confirms in its Response to the Motion that it is pursuing an implied-in-law contract claim (i.e., an unjust enrichment claim)." (cleaned up)), Magistrate Judge Strauss found that CCX "fails to (and cannot) plausibly allege that the first unjust enrichment element"—*viz.*, that the "Plaintiff . . . confer[red] the requisite *direct* benefit on Defendant"—"is satisfied," *id.* at 7. Because CCX "conferred no more than an *indirect* benefit" on State Farm, Magistrate Judge Strauss recommended that we dismiss Count I. *Id.* at 8.

Neither party objected to Magistrate Judge Strauss's analysis of Count I. *See* Def.'s Objs. at 2 ("State Farm does not object to the R&R's recommended dismissal of Count I. Nor does State Farm

---

[1] State Farm also argued that the Amended Complaint should be dismissed as an "impermissible shotgun pleading," *see* MTD at 2–6—an argument Magistrate Judge Strauss rejected, *see* R&R at 5 ("A pleading that contains three vague or immaterial allegations is not a pleading that is replete with such allegations."). Neither party objected to the R&R's recommendation on this issue, *see* Def.'s Objs. at 2 ("State Farm only objects to the portion of the R&R recommending Count II not be dismissed as to the Unidentified Customers."); *see generally* Docket (showing that CCX filed no objections). Because we find no clear error on this question, we **ADOPT** this part of the R&R.

object to any other portion of the R&R as it relates to Count I."); *see generally* Docket (showing that CCX filed no objections). So, we review this part of the R&R only for clear error. *See Thomas*, 474 U.S. at 150. Having found no such error, we now **ADOPT** this part of the R&R and **DISMISS** Count I of the Amended Complaint.

But the R&R rejected both of State Farm's arguments on CCX's tortious-inference claim. *See* R&R at 15 ("[T]he Motion should be denied as to Count II."). Starting with State Farm's contention that Count II should be dismissed even as to the three *named* customers, *see* MTD at 18 ("Count II does not even attempt to tie any alleged wrongdoing by State Farm with any particular customer."), Magistrate Judge Strauss found that the Amended Complaint adequately pled each element of a tortious-interference claim—*either* under Rule 8's "plausibility pleading" standard *or* (assuming it applied "to Plaintiff's misrepresentation allegations") under Rule 9(b)'s "particularity pleading" standard, *see* R&R at 11 ("Defendant briefly argues that Plaintiff failed to include sufficient allegations to identify the nature of the relationship between Plaintiff and the customers at issue. I disagree."); *id.* at 14 ("Assuming that Rule 9(b) applies to Plaintiff's misrepresentation allegations . . . I find that Plaintiff has included sufficient allegations regarding Defendant's alleged misrepresentations in the Amended Complaint to provide Defendant fair notice of the bases for Plaintiff's claim against Defendant.").

As for the claims of *unnamed* customers, Magistrate Judge Strauss said that "binding precedent forecloses" the argument that "'the Body Shops' failure to identify potential customers who were steered away constitutes a failure to give each defendant fair notice of the claim against it.'" *Id.* at 10 (quoting *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1275 (11th Cir. 2019) (en banc)). Magistrate Judge Strauss therefore recommended that we deny the Motion to Dismiss as to Count II. *See id.* at 15.

For this part of the R&R, "State Farm only objects to the portion . . . recommending Count II not be dismissed as to the Unidentified Customers." Def.'s Objs. at 2 (citing R&R at 10–11 & n.10, 14–15).[2] But "State Farm *does not object* to the R&R's recommendation Count II not be dismissed as to the three identified customers . . . [n]or . . . to any other portion of the R&R as it relates to Count II." *Id.* at 3 (emphasis added). We've therefore reviewed that part of the R&R only for clear error and—having found none—now **DENY** State Farm's argument as to the three customers who are identified in the Amended Complaint. The only remaining issue here, then, is whether "Count II should be dismissed as to the Unidentified Customers because they were insufficiently identified" in the Amended Complaint. Def.'s Objs. at 3 (first citing MTD at 16–17, 21; then citing Defendant's Reply [ECF No. 31] at 9–10). But, having carefully reviewed the Amended Complaint, we don't think State Farm is actually asserting claims on behalf of those unnamed customers. In fact, despite State Farm's insistence that "Count II attempts to assert claims for an unspecified number of customers allegedly 'steered away' from [CCX] by State Farm," MTD at 5—and the R&R's analysis of the proper pleading standard for those claims, *see* R&R at 10–15—CCX ultimately *limits* Count II to "compensatory damages [for] lost profits of [$20,427.00] for the *three customers* improperly interfered with," Amnd. Compl. at 11 (emphasis added); *see also id.* ¶¶ 46, 48 ("State Farm was aware of the existing business relationship between CCX and the [three] Customers *listed* in [¶] 45 . . . . That *said* business relationships interfered with were of significant value to the Plaintiff, CCX and resulted in lost profits of

---

[2] State Farm bases its sole objection on the Eleventh Circuit's decision in *Friedlander v. Nims*, 755 F.2d 810 (11th Cir. 1985), *abrogated on other grounds by Marantes v. Miami-Dade County*, 649 F. App'x 665 (11th Cir. 2016), which (State Farm tells us), "affirmed dismissal of plaintiff's complaint for failure to plead fraud with particularity as required by Rule 9 . . . [and] held [that] Rule 9(b)'s 'clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.'" Def.'s Objs. at 4 (quoting *Friedlander*, 755 F.2d at 813 n.3). According to State Farm, the "[t]he R&R did not address *Friedlander*'s holding that claims sounding in fraud must be dismissed if they are not pled with the specificity required by Rule 9(b) and fraud-based claims cannot be allowed to proceed when to do so would allow 'the facts [be] learned through discovery after the complaint is filed.'" Def.'s Objs. at 5 (quoting *Friedlander*, 755 F.2d at 813 n.3).

[$20,427.00] as calculated as 45% of the gross estimates for the *three customers*." (emphasis added & cleaned up)). Nor does CCX suggest—either in its Response to the Motion to Dismiss or in its Response to State Farm's Objections—that it's stated (or even *tried* to state) a claim as to *any* unidentified customers. *See* Plaintiff's MTD Response [ECF No. 30] at 3 ("[T]he Defendant can easily discern what claim and relief the Plaintiff is entitled to. The Plaintiff names the State Farm employee involved, names the customers involved, and the statements made." (cleaned up)); Pl.'s Objs. Resp. at 3 ("[T]he Plaintiff objects to the Defendant's attempt to re-argue the issues of the Motion to Dismiss [and] shift the burden of proof[.]").

State Farm, in short, doesn't object to Judge Strauss's recommendation that we deny the Motion to Dismiss as to the only claim CCX is *actually asserting* here. Def.'s Objs. at 3 ("State Farm does not object to the R&R's recommendation Count II not be dismissed as to the three identified customers."). And none of the cases State Farm relies on, *see* Def.'s Objs. at 7–9, requires us to dismiss a claim the plaintiff *hasn't* advanced. Instead, those cases simply prohibit a plaintiff from proceeding with a "fraud action in which *all the facts* are learned through discovery after the complaint is filed." *Friedlander*, 755 F.2d at 813 n.3 (emphasis added); *see also Box Office Ent., LLC v. Brian D. Gordon, CPA, P.A.*, 2007 WL 1362898, at *8 (S.D. Fla. May 9, 2007) (Martinez, J.) ("Plaintiff fails to allege *any facts* that indicate that Defendants were aware of *any* fraud or misstatements[.]" (emphasis added)); *Future Tech Int'l., Inc. v. Tae Il Media, Ltd.*, 944 F. Supp. 1538, 1572 (S.D. Fla. 1996) (Marcus, J.) ("Although in the course of discovery additional facts concerning the alleged fraud will no doubt be added to the record, this is not a case where the Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to dredge up *every fact* conceivably supporting a fraud claim through a 'fishing expedition' during discovery." (emphasis added)); *United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F. Supp. 2d 1336, 1343 (M.D. Fla. 2012) (Steele, J.) ("[R]elator does not specifically identify *a single claim* within the various Hospital Cost Reports related to any of the three schemes." (emphasis added));

*D.H.G. Props., LLC v. Ginn Co., LLC*, 2010 WL 5584464, at *6 (M.D. Fla. Sept. 28, 2010) (Howard, J.) ("[M]ost of the various misrepresentations Plaintiff alleges with respect to SunTrust lack any accompanying specificity[.]"); *Winston v. 360 Mortg. Grp.*, 2017 WL 4356918, at *6 (N.D. Ga. Oct. 2, 2017) ("Plaintiff's conclusory allegations are not sufficient to support a fraud claim."); *Paulus v. GmbH*, 2009 WL 10699941, at *1 (N.D. Ga. Mar. 20, 2009) (quoting *Friedlander*, 755 F.2d at 813 n.3).

    As we've said, however, that's not what CCX is doing here. *See* Amnd. Compl. at 11 (seeking "compensatory damages . . . for the three customers improperly interfered with"). And we won't issue an advisory opinion on the viability of claims CCX hasn't yet made "on the off chance that they may become relevant at some point in the future." *Blandon v. Waste Pro USA, Inc.*, 2022 WL 336824, at *2 (M.D. Fla. Feb. 4, 2022) (first citing *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018); then citing *Sirpal v. Univ. of Mia.*, 509 F. App'x 924, 932 (11th Cir. 2013)).

* * *

    After careful review, we **ORDER and ADJUDGE** as follows:

1.    The Report and Recommendation [ECF No. 39] is **ACCEPTED and ADOPTED**.

2.    The Defendant's Motion to Dismiss [ECF No. 27] is **GRANTED in part** as to Count I and **DENIED in part** as to Count II. Count I of the Amended Complaint [ECF No. 20] is **DISMISSED**.

3.    The Clerk shall **REOPEN** this case. By **April 1, 2024**, the parties shall submit a joint scheduling report, proposing dates for all remaining pre-trial deadlines and trial.

**DONE AND ORDERED** in the Southern District of Florida on March 18, 2024.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

9